UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

WILLIAM JOESPH BOLDT,

      Plaintiff,

v.

DAVID PAULSON,
NAN LARSON,
JOHN AGRIMSON, and
SARA HARD,

      Defendants.

Civil No. 12-1500 (JRT/SER)

**REPORT AND RECOMMENDATION**

---

Ths matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed *in forma pauperis*, ("IFP"), as permitted by 28 U.S.C. § 1915. (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be dismissed without prejudice.

Plaintiff, a Minnesota state prison inmate, filed a complaint seeking relief under 42 U.S.C. § 1983. (Docket No. 1.) He did not pay the $350.00 filing fee prescribed by 28 U.S.C. § 1914(a), but instead submitted an application for IFP status.

Because Plaintiff is a prisoner, his IFP application is subject to the requirements of the Prison Litigation Reform Act of 1995, ("PLRA"). This means an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1) is required. In this case, Plaintiff's initial partial filing fee, under the formula set forth at § 1915(b)(1), is $34.47.

1

By order dated July 9, 2012, (Docket No. 3), Plaintiff was instructed to pay his initial partial filing fee of $34.47 within twenty days. The Court's order expressly advised Plaintiff that if he failed to pay the prescribed amount within the time allowed, then he would be deemed to have abandoned this action, and it would be recommended that his case be dismissed pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

The deadline for paying the initial partial filing fee in this case has passed, and Plaintiff has not tendered any fee payment. Therefore, in accordance with the Court's prior order in this case, it is now recommended that Plaintiff be deemed to have abandoned this action, and that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). *See In re Smith*, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to pay initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); *Amick v. Ashlock*, No. 04-1171 (8th Cir. 2004), 2004 WL 2603590 (unpublished opinion) (prisoner action can properly be dismissed where prisoner fails to pay initial partial filing fee as ordered); *Henderson v. Renaissance Grand Hotel*, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").[1] Having determined that this action should be dismissed summarily, the Court recommends that Plaintiff's

---

[1] The Clerk's Office has received a letter from Plaintiff, (Docket No. 4), which seems to indicate that he has secured (or expects to secure) at least some of the relief sought in this action, and he has therefore elected not to pursue this action at this time. Plaintiff's letter reinforces the Court's determination that he has abandoned this action.

2

pending IFP application be denied as moot.

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed *in forma pauperis*, (Docket No. 2), be **DENIED AS MOOT**; and

2. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated:   September 27, 2012                         *s/Steven E. Rau*
                                                    Steven E. Rau
                                                    U.S. Magistrate Judge


Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **October 11, 2012,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.